(101) CITATION: PETITION FOR DAMAGES AND PERSONAL INJURIES;
REQUEST FOR WRITTEN NOTICE

190115-1117-7

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

SANFORD GREEN JR, LATASHA GREEN
    versus
GREAT WEST CASUALTY COMPANY, OPTIMUM
TRANSPORT SERVICES LLC, CHARLES JERRY
WILLIAMS

Case: 791-155   Div: "F"
P 1 SANFORD GREEN JR

To: OPTIMUM TRANSPORT SERVICES LLC
THROUGH ITS REGISTERED AGENT
CHARLES JERRY WILLIAMS
2930 JONES LOOP ROAD
P.O. BOX 916
TERRY MS 37170

LA Long Arm

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES AND PERSONAL INJURIES of which a true and correct copy accompanies this
citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial
District Court in and for the Parish of Jefferson, State of Louisiana, within THIRTY (30)
CALENDAR days after the return of service hereof, under penalty of default.

This service was requested by attorney LEONARD J. CLINE JR and was issued by the Clerk of
Court on the 15th day of January, 2019.

                /s/ Lanie B. Bryant
                Lanie B. Bryant, Deputy Clerk of Court for
                Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) CITATION: PETITION FOR DAMAGES AND PERSONAL INJURIES;
REQUEST FOR WRITTEN NOTICE

190115-1117-7

Received _____  Served _____  Returned _____

Service was made:
   ___ Personal         ___ Domiciliary _____

Unable to serve:
   ___ Not at this address   ___ Numerous attempts _____ times
   ___ Vacant            ___ Received too late to serve
   ___ Moved            ___ No longer works at this address
   ___ No such address    ___ Need apartment / building number
   ___ Other _____

Service: $_____  Mileage: $_____  Total $_____
Completed by _____
Parish of _____  Deputy Sheriff  # _____





EXHIBIT
A

 N46935-131 

(101) CITATION: PETITION FOR DAMAGES AND PERSONAL INJURIES; REQUEST FOR WRITTEN NOTICE

190115-1116-9

**SERVED ON**
**R. KYLE ARDOIN**

FEB 0 4 2019

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

SECRETARY OF STATE
COMMERCIAL DIVISION

SANFORD GREEN JR, LATASHA GREEN
versus
GREAT WEST CASUALTY COMPANY, OPTIMUM
TRANSPORT SERVICES LLC, CHARLES JERRY
WILLIAMS

Case: 791-155   Div: "F"
P 1 SANFORD GREEN JR

To: GREAT WEST CASUALTY COMPANY
THROUGH LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE LA 70809

SS CK# 56056 - $50.00
EBR CK# 56057 - $39.36

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES AND PERSONAL INJURIES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney LEONARD J. CLINE JR and was issued by the Clerk of Court on the 15th day of January, 2019.

/s/ Lanie B. Bryant
Lanie B. Bryant, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES AND PERSONAL INJURIES; REQUEST FOR WRITTEN NOTICE

190115-1116-9

Received:_____ Served:_____ Returned:_____

Service was made:
___ Personal                    ___ Domiciliary _____

Unable to serve:
___ Not at this address      ___ Numerous attempts _____ times
___ Vacant                   ___ Received too late to serve
___ Moved                    ___ No longer works at this address
___ No such address          ___ Need apartment / building number
___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
                              Deputy Sheriff
Parish of: _____

Page 1 of 1

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

 

(101) CITATION: PETITION FOR DAMAGES AND PERSONAL INJURIES;
REQUEST FOR WRITTEN NOTICE                                    190115-1118-5

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

SANFORD GREEN JR, LATASHA GREEN
    versus
GREAT WEST CASUALTY COMPANY, OPTIMUM            Case: 791-155   Div: "F"
TRANSPORT SERVICES LLC, CHARLES JERRY           P 1 SANFORD GREEN JR
WILLIAMS

To: CHARLES JERRY WILLIAMS
2930 JONES LOOP ROAD
P.O. BOX 916                                     LA Long Arm
TERRY MS 39170

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES AND PERSONAL INJURIES of which a true and correct copy accompanies this
citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial
District Court in and for the Parish of Jefferson, State of Louisiana, within THIRTY (30)
CALENDAR days after the return of service hereof, under penalty of default.

This service was requested by attorney LEONARD J. CLINE JR and was issued by the Clerk of
Court on the 15th day of January, 2019.

          /s/ Lanie B. Bryant
          Lanie B. Bryant, Deputy Clerk of Court for
          Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES AND PERSONAL INJURIES;
REQUEST FOR WRITTEN NOTICE                                    190115-1118-5

Received:_____  Served:_____  Returned:_____

Service was made:
   ___ Personal            ___ Domiciliary _____

Unable to serve:
   ___ Not at this address   ___ Numerous attempts _____ times
   ___ Vacant               ___ Received too late to serve
   ___ Moved                ___ No longer works at this address
   ___ No such address      ___ Need apartment / building number
   ___ Other _____

Service: $_____   Mileage  $_____   Total: $_____

Completed by _____  # _____ ___
               Deputy Sheriff
Parish of _____

Scanned by CamScanner

**State of Louisiana**
**Secretary of State**

N46935-132

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

02/05/2019

GREAT WEST CASUALTY COMPANY
ATTN: CRAIG A. POSSON
1100 WEST 29TH STREET
P. O. BOX 277
SOUTH SIOUX CITY, NE 68776

RECEIVED

FEB 0 8 A.M.

#16

Suit No.: 791155
24TH JUDICIAL DISTRICT COURT
JEFFERSON PARISH

SANFORD GREEN, JR., ET UX
vs
GREAT WEST CASUALTY COMPANY, ET AL

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Date: 02/04/2019
Title: DEPUTY SHERIFF

Served on: R. KYLE ARDOIN
Served by: E CUMMINS

No: 1106909



KS

**R. KYLE ARDOIN**
**SECRETARY OF STATE**
**P.O. BOX 94125**
**BATON ROUGE, LA 70804-9125**





SS151

N46935-131          $580
                    835

RECEIVED
FF° 0 8 AM
#16

## 24ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO: 791-155                    DIVISION: 

### SANFORD GREEN, JR., husband of/and LATASHA GREEN

### VERSUS

### GREAT WEST CASUALTY COMPANY, OPTIMUM TRANSPORT SERVICES LLC, and CHARLES JERRY WILLIAMS

FILED:_____

                                   Deputy Clerk

### PETITION FOR DAMAGES AND PERSONAL INJURIES

NOW INTO COURT, through undersigned counsel, come petitioners, **SANFORD GREEN, JR., and LATASHA GREEN**, persons of the full age of majority, and residents of and domiciled in Jefferson Parish, State of Louisiana who with respect allege and aver as follows:

I.

The following parties are made defendants in this lawsuit, and are made liable unto your petitioners, **SANFORD GREEN, JR. and LATASHA GREEN** jointly, severally, and *in solido*, in a sum in excess of Fifty Thousand Dollars and No Cents ($50,000.00), together with legal interest thereon from date of judicial demand until paid:

A.     **GREAT WEST CASUALTY COMPANY**, (hereinafter referred to as **"GREAT WEST"**), a foreign corporation authorized to do, and in fact doing business in Jefferson Parish, State of Louisiana;

B.     **OPTIMUM TRANSPORT SERVICES LLC**, (hereinafter referred to as **"OPTIMUM"**) a foreign corporation not authorized to do, but in fact doing business in Jefferson Parish, State of Louisiana, and;

C.     **CHARLES JERRY WILLIAMS**, (hereinafter referred to as **"WILLIAMS"**), a person of the full age of majority, and a resident of and domiciled in Hinds County, State of Mississippi.

2.

Based upon information and belief at all times pertinent herein, the defendant, **GREAT WEST** had in full force and effect a liability policy providing coverage to the defendants,

24th E-Filed: 01/11/2019 13:51:48 Case: 791155 Div:F Atty:004201 LEONARD J CLINE JR

OPTIMUM and/or WILLIAMS, which policy afforded coverage for the legal liability claimed in this Petition.

3.

Based upon information and belief at all times pertinent herein, the defendant WILLIAMS was in the course and scope of his employment and/or on an errand and/or mission and/or had the permission to operate the vehicle involved in this accident owned or leased by defendant OPTIMUM.

4.

On or about January 12, 2018, at approximately 9:28 p.m., your petitioner, SANFORD GREEN, JR. was operating his 2001 Ford F-150 in the westbound direction of US 90 in a careful and prudent manner near the intersection of US 90 and US 90B. SANFORD GREEN, JR. came to a complete stop at his stop sign and then proceeded to drive through the intersection. Defendant WILLIAMS, who was operating a 2007 Kentworth T600 18-wheeler tractor with trailer, proceeded through his stop sign on US 90B without stopping. WILLIAMS' vehicle struck SANFORD GREEN, JR.'s vehicle, thereby causing a collision and the painful personal injuries to petitioner, as more fully described below. Defendant WILLIAMS was placed at fault for the accident by the investigating officer and cited for violation of La. R.S. 32:123.

5.

Your petitioners aver that the negligence of defendant WILLIAMS was the proximate cause of the aforementioned accident, and the resulting personal injuries sustained by petitioner, was the negligence of defendant WILLIAMS in the following non-exclusive particulars:

a.    Failure to see what he should have seen;

b.    Failure to maintain a proper lookout;

c.    Careless operation of a motor vehicle;

d.    Reckless operation of a motor vehicle;

e.    Failure to use reasonable vigilance;

f.    Failure to adhere to traffic warnings; and;

f.    Any and all acts of negligence which may be discovered during the course of these proceedings or proved at the trial of this matter.

01/15/2019 09:28:52 CERTIFIED TRUE COPY - Pg 2 of 6 - Jefferson Parish Clerk of Court - ID:194013

24th E-Filed: 01/11/2019 13:51:48 Case: 791155 Div:F Atty:004201 LEONARD J CLINE JR

All of the above acts of negligence are in violation of the laws of the State of Louisiana and the applicable Parish Ordinances which are pleaded herein as if copied *in extenso*.

6.

As a result of the above described accident, your petitioner, **SANFORD GREEN, JR.** has suffered painful personal injuries, which include but are not limited to neck pain, back pain, pain in both shoulders, left calf pain, left buttock pain, and headaches.

7.

As a result of the above described accident, your petitioner, **SANFORD GREEN, JR.** sustained general and special damages, which include but are not limited to, pain and suffering, mental anguish and distress, medical expenses, disability, lost wages and/or loss of earning capacity, and loss of enjoyment of life.

8.

As a result of the above described accident, your petitioner, **LATASHA GREEN** has sustained damage in the form of loss of consortium, loss of service and loss of society, which has diminished and/or deprived her from any benefit which heretofore existed between herself and her husband, including loss of love and affection, care, attention, companionship, comfort, protection, sexual relations, loss wages, among other losses to be shown at the trial of this matter, and she is entitled to a sum to be determined by this Honorable Court.

**WHEREFORE**, your petitioners, **SANFORD GREEN, JR. and LATASHA GREEN** respectfully pray that the defendants, **GREAT WEST CASUALTY COMPANY, OPTIMUM TRANSPORT SERVICES LLC,** and **CHARLES JERRY WILLIAMS** each be served with a copy of this Petition for Damages and be duly cited to appear and answer same, and that after due proceedings had there be judgment herein in favor of petitioners, **SANFORD GREEN, JR. and LATASHA GREEN** and against the defendants, **GREAT WEST CASUALTY COMPANY, OPTIMUM TRANSPORT SERVICES LLC,** and **CHARLES JERRY WILLIAMS,** jointly, severally, and *in solido*, in a sum in excess of Fifty Thousand Dollars and No Cents ($50,000.00), together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, including expert witness fees, and for all such general and equitable relief as law, equity, and the nature of the case may permit.

24th E-Filed: 01/11/2019 13:51:48 Case: 791155 Div:F Atty:004201 LEONARD J CLINE JR



01/15/2019 09:28:52 CERTIFIED TRUE COPY - Pg:3 of 6 - Jefferson Parish Clerk of Court - ID:194013

Respectfully submitted,

LEONARD J. CLINE (04201)
DAVID M. WILLIAMS (36298)
ROBERT J. SEGHERS (37300)
3021 35th Street, Suite A
Metairie, LA 70001
(504) 838-8254
(504) 838-9146 (facsimile)
Lenny@clinelawoffice.com
David@clinelawoffice.com
Robert@clinelawoffice.com
Attorney for Plaintiffs

**PLEASE SERVE:**

**GREAT WEST CASUALTY COMPANY**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**PLEASE SERVE THROUGH LOUISIANA LONG-ARM STATUTES R.S. 13:3201 et al:**

**OPTIMUM TRANSPORT SERVICES LLC**
Through its registered agent for service of process:
Charles Jerry Williams
2930 Jones Loop Road
P.O. Box 916
Terry, MS 39170

**CHARLES JERRY WILLIAMS**
2930 Jones Loop Road
P.O. Box 916
Terry, MS 39170

24th E-Filed: 01/11/2019 13:51:48 Case: 791155 Div:F Atty:004201 LEONARD J CLINE JR



N46935-13          515

RECEIVED
FF 6 8 AM
#16

## 24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO: 791.155                    DIVISION: F

**SANFORD GREEN, JR., husband of/and LATASHA GREEN**

**VERSUS**

**GREAT WEST CASUALTY COMPANY, OPTIMUM TRANSPORT SERVICES LLC, and CHARLES JERRY WILLIAMS**

FILED: _____          _____
                                    Deputy Clerk

### REQUEST FOR WRITTEN NOTICE

NOW INTO COURT, by and through undersigned counsel, come plaintiffs **SANFORD GREEN, JR. and LATASHA GREEN**, who, while preserving all rights and without waiving any defenses and/or objections, including their individual rights to raise objections, exceptions and/or defenses, makes the following Request for Notice:

1.

Pursuant to L.S.A.-C.C.P. 1572, Plaintiffs hereby requests this Court for written notice ten (10) days in advance of the date fixed for the trial or hearing on any exception, motions, rules, or trials (whether on the merits or otherwise) in the captioned action and any other suit which has been or may hereafter be consolidated with said action.

2.

Pursuant to L.S.A.-C.C.P. Articles 1913 and 1914, Plaintiffs also request immediate written notice of all interlocutory and final decrees, order and judgments, rendered or written, on any exception, motions, rules or the trial (whether on the merits or otherwise) in the captioned action and any other suit which has been or may hereafter be consolidated with said action.

**WHEREFORE,** Plaintiffs in the above-referenced matter, request that they be furnished with the requested notices through undersigned counsel.

*(Signature block on following page)*

24th E-Filed: 01/11/2019 13:51:48 Case: 791155 Div:F Atty:004201 LEONARD J CLINE JR



Respectfully submitted,

LEONARD J. CLINE (04201)
DAVID M. WILLIAMS (36298)
ROBERT J. SEGHERS (37300)
3021 35th Street, Suite A
Metairie, LA 70001
(504) 838-8254
(504) 838-9146 (facsimile)
lenny@clinelawoffice.com
david@clinelawoffice.com
robert@clinelawoffice.com
Attorneys for Plaintiffs

01/15/2019 09:28:52 CERTIFIED TRUE COPY - Pg:2 of 2 - Jefferson Parish Clerk of Court - ID:194013

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No: 791-155

DIVISION: F

SANFORD GREEN, JR., husband of/and LATASHA GREEN

VERSUS

GREAT WEST CASUALTY COMPANY, OPTIMUM TRANSPORT SERVICES, LLC
and CHARLES JERRY WILLIAMS

---

## DILIATORY EXCEPTION OF VAGUENESS, MOTION TO STRIKE AND ANSWER TO THE PETITION FOR DAMAGES AND PERSONAL INJURIES

NOW INTO COURT, through undersigned counsel, come GREAT WEST CASUALTY COMPANY, OPTIMUM TRANSPORT SERVICES, LLC, and CHARLES JERRY WILLIAMS, sought to be made Defendants in this matter, who hereby file this Exception of Vagueness, Motion to Strike, and Answer to the Plaintiff's Petition for Damages and Personal Injuries (hereinafter "Petition") as follows:

### I. DILIATORY EXCEPTION OF VAGUNESS

In the Plaintiffs' Petition, they allege the negligence of Charles Williams to include "[a]ny and all acts of negligence which may be discovered during the course of these proceedings or proved at the trial of this matter." (See Plaintiffs' Petition, p. 2, ¶ 5.) Furthermore, the Plaintiffs claim that Charles Williams "acts of negligence are in violation are in violation of the law of the State of Louisiana and the applicable Parish Ordinances which are pleaded herein as if copied *in extensor*." (See Plaintiffs' petition, p. 3, ¶ 5.) Additionally, the Plaintiffs assert that Sanford Green, Jr., has sustained various injuries, "which include but are not limited to" neck, back, shoulder, calf, left buttock, and headache pain. (See Plaintiffs' petition, p. 3, ¶ 6.) Finally, included in the Plaintiffs' prayer for relief is a demand "for all such general and equitable relief as law, equity, and the nature of the case may permit." (See plaintiffs' petition, p. 3, last paragraph.)

The aforementioned allegations, as well as the demand, are vague in non-exclusivity and in the lack of specificity. Therefore, these Defendants respectfully pray the Plaintiffs be ordered to amend their Petition to remove all such vague allegations and clarify acts of negligence and/or fault they are asserting, exactly what injuries are being claimed, and exactly what damages they allege they are entitled to in this matter.

## II. MOTION TO STRIKE

The Defendants respectfully move this Honorable Court for an Order striking the vague allegations set forth in the Plaintiffs' Petition, as referenced above.

## III. ANSWER

1.

Except to admit that Great West Casualty Company is a foreign corporation authorized to to do, and doing business in Jefferson Parish, Louisiana, Optimum Transport Services, LLC, is a foreign corporation, and Charles J. Williams is a person of full age of majority and a resident of and domiciled in Hinds County, Mississippi, the remaining allegations of paragraph 1 of the Plaintiffs' Petition are denied for lack of sufficient information upon which to justify a belief therein.

2.

Except to admit that Great West Casualty Company issued a policy of commercial liability insurance in favor of Optimum Transport Services, LLC, which was in full force and effect on the date of the alleged accident, said policy being subject to all of its own terms, limitations and exclusions, and as a written contract is pled as the best evidence of the contents therein, the allegations of paragraph 2 of the Plaintiffs' Petition are denied for lack of sufficient information upon which to justify a belief therein.

3.

Due to a lack of sufficient information upon which to justify a belief therein, the Defendants deny the allegations of paragraph 3 of the Plaintiff's Petition.

4.

Due to a lack of sufficient information upon which to justify a belief therein, the Defendants deny the allegations of paragraph 4 of the Plaintiff's Petition.

5.

Due to a lack of sufficient information upon which to justify a belief therein, the Defendants deny the allegations of paragraph 5 of the Plaintiff's Petition.

6.

Due to a lack of sufficient information upon which to justify a belief therein, the Defendants deny the allegations of paragraph 6 of the Plaintiff's Petition.

7.

Due to a lack of sufficient information upon which to justify a belief therein, the Defendants deny the allegations of paragraph 7 of the Plaintiff's Petition.

8.

Due to a lack of sufficient information upon which to justify a belief therein, the defendants deny the allegations of paragraph 8 of the Plaintiffs' Petition.
the Plaintiff's Petition.

9.

The final paragraph of the Plaintiffs' Petition consist of a request for relief/recovery, and no response to same is required. Nevertheless, to the extent a response is needed, the Defendants deny they are liable to the Plaintiffs and/or that the Plaintiffs are entitled to the relief/recovery requested from them.

10.

To the extent not otherwise previously admitted or denied, the Defendants hereby deny any and all such allegations in the Plaintiffs' Petition.

11.

The Defendants submit they are entitled to, and hereby do request, a trial by jury on all issues in this matter.

12.

AND NOW, IN FURTHER ANSWERING the allegations of the Plaintiffs' Petition, these Defendants specifically deny that they, or anyone for whom they may be responsible, was/were at fault in causing the alleged injuries and/or damages to the Plaintiffs herein. Additionally, if determined through investigation, discovery and/or evidence to be applicable, the Defendants would assert that the accident in this matter was caused by the fault of the Plaintiff, Sandford Green, Jr., with said acts of fault being set forth in the following nonexclusive particulars:

    a.  in failing to see what she should have seen and in failing to do what she should have done; and

    b.  in failing to act as a reasonable person under the circumstances; and

    c.  in engaging in any and all other applicable acts of negligence.

13.

In the event the Defendants should be found liable in any manner whatsoever, which is at all times denied, then in that event, the Defendants specifically plead the fault of Sanford Green, Jr.,, as a bar to recovery herein and, alternatively, in mitigation of the Plaintiffs' alleged injuries and/or damages.

14.

The Defendants assert that if any fault of additional parties or non-parties should be determined through discovery, investigation, and/or other evidence, such fault should also be compared and/or apportioned and any recovery against the Defendants reduced accordingly.

15.

The Defendants deny the Plaintiffs are injured and/or damaged as alleged, and, if determined though investigation, discovery and/or evidence, would assert that any alleged injuries and/or damages arise from a pre-existing condition or conditions and/or a separate accident/incident or separate accidents/incidents. Additionally, the Defendants request strict proof of all injuries and damages alleged by the Plaintiffs.

16.

If determined through investigation, discovery and/or evidence to be applicable, the Defendants would assert the failure of the Plaintiffs to mitigate their injuries and/or damages.

17.

If determined through investigation, discovery and/or evidence to be applicable, the Defendants would assert that the Plaintiff, Sanford Green, Jr., has incurred certain medical treatment and expenses in bad faith; and, therefore, the Plaintiff is not entitled to any recovery related to such medical treatment and expenses.

18.

If determined through investigation, discovery and/or evidence to be applicable, the Defendants would assert that the Plaintiff, Sanford Green, Jr., has incurred certain medical treatment and expenses that are not reasonable and/or not customary.

19.

Although the Defendants deny any liability in this matter, should the Defendants be found liable for any injuries and/or damages, the Defendants assert they are entitled to receive a credit towards any such liability equal to the total amount of any medical expenses that are

reduced and/or written off by any and/or all medical care provides for any and all treatment rendered to the Plaintiff for any and all alleged injuries and/or damages in this matter.

20.

If determined through investigation, discovery and/or evidence to be applicable, the Defendants would assert the failure of the Plaintiff to maintain compulsory motor vehicle liability insurance as required by law as a limitation on any recovery of damages pursuant to Louisiana Revised Statute 32:866 and/or all other applicable law.

21.

The Defendants aver that the Plaintiffs' Petition fails to state a claim upon which relief may be granted and, therefore, should be dismissed.

22.

The Defendants reserve the right to supplement this Answer and add additional defenses developed through investigation, discovery and/or evidence.

WHEREFORE, premises considered, the Defendants pray this Answer to Petition for Damages be deemed good and sufficient and that after all legal delays and due proceedings, there be judgment herein in their favor and against the Plaintiffs with prejudice and at the Plaintiffs' cost. Additionally, the Defendants ask for any and all other general and equitable relief, etc., to which they may be entitled.

Respectfully submitted,

**The Dill Firm, A.P.L.C.**

BY:   _____

JAMES M. DILL (Bar Roll #18868)
DAVID P. VIAL II (Bar Roll # 29515)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408
Facsimile: (337) 261-9176
Email: jdill@dillfirm.com
Email: dvial@dillfirm.com
ATTORNEYS FOR THE DEFENDANTS

**PLEASE SERVE:**

**SANFORD GREEN, JR. AND LATASHA GREEN,**
**THROUGH THEIR ATTORNEY OF RECORD,**
**LEONARD J. CLINE**
**3021 35th STREET, SUITE A**
**METAIRIE, LA 70001**

<u>**CERTIFICATE**</u>

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served

upon counsel for all parties to this proceeding by fax, email, and/or mail at the last known

address on this 21st day of February, 2019.

DAVID P. VIAL IV

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No: 791-155                                                    DIVISION:  F

SANFORD GREEN, JR., husband of/and LATASHA GREEN

VERSUS

GREAT WEST CASUALTY COMPANY, OPTIMUM TRANSPORT SERVICES, LLC
and CHARLES JERRY WILLIAMS

---

## MEMORANDUM IN SUPPORT OF EXCEPTION OF
## VAGUENESS AND MOTION TO STRIKE

Come now the Defendants, who hereby file this Memorandum in Support of Diliatory Exception of Vagueness and Motion to Strike.

### EXCEPTION OF VAGUENESS AND MOTION TO STRIKE

Louisiana Code of Civil Procedure Article 891 provides that the petition shall set forth a "concise statement of all causes of action arising out of, and the material facts, of the transaction or occurrence that is a subject matter of litigation."  Accordingly, the aforementioned Article precludes the use of open-ended allegations because the causes of action and the material facts of the transaction or occurrence must be set forth particularly, not generally.  Snoddy v. City of Marksville, 97-27 (La.App. 3 Cir. 10/9/97); 702 So.2d 890.  In the Petition for Damages, plaintiff has set forth open-ended allegations of negligence, injuries and damages.

Specifically, in the Plaintiffs' Petition, they have alleged the negligence of Charles Williams to include "[a]ny and all acts of negligence which may be discovered during the course of these proceedings or proved at the trial of this matter." (See Plaintiffs' Petition, p. 2, ¶ 5.) Furthermore, the Plaintiffs claim that Charles Williams "acts of negligence are in violation are in violation of the law of the State of Louisiana and the applicable Parish Ordinances which are pleaded herein as if copied *in extensor*." (See Plaintiffs' petition, p. 3, ¶ 5.) The Plaintiffs have made this vague and ambiguous claim of violation of state law and ordinances without citing any particular law and/or ordinance.

Additionally, the Plaintiffs assert that Sanford Green, Jr., has sustained various injuries, "which include but are not limited to" neck, back, shoulder, calf, left buttock, and headache pain. (See Plaintiffs' petition, p. 3, ¶ 6.) Finally, included in the Plaintiffs' prayer for relief is a demand "for all such general and equitable relief as law, equity, and the nature of the case may permit." (See plaintiffs' petition, p. 3, last paragraph.) These open-ended allegations and demands are

prohibited under Article 891. See <u>Snoddy v. City of Marksville</u>, 97-27 (La.App. 3 Cir. 10/8/97), 702 So.2d 890.

In <u>Sikes v. McLean Trucking Company</u>, the court noted the danger inherent in allowing open-ended allegations. 383 So.2d 111 (La. App. 3 Cir. 1980). Subsequently, in <u>Snoddy v. City of Marksville</u>, the Court found that "open-ended allegations should be met with either an exception of vagueness or a motion to strike," and, moreover, such "open-ended allegations should be struck." 97-27 (La.App. 3 Cir. 10/8/97), 702 So.2d 890, 899. Specifically, the <u>Snoddy</u> Court found that the following phrases are "general, open-ended allegations" and should be struck from a petition: 1) "Any and all other acts of negligence and strict liability which will be shown at the time of trial in this matter," 2) "Any and all other damages shown at trial;" and 3) "including, but not limited to." <u>Id.</u> at pg. 898.

The <u>Snoddy</u> Court went on to explain why either a dilatory exception of vagueness or a motion to strike should be maintained, stating as follows:

> By filing such, the petitioner is placed on notice that she should specifically plead negligence and damages and that she cannot rely on general, open-ended allegations. Just as open-ended allegations do not fairly allow a defendant to form a defense, failure to object to them places the petitioner in the position that she may feel entitled to offer proof of 'any and all negligence' as well as 'any and all damages' at the trial on the merits. Either situation allows the unwary to fall into a trap.

<u>Id.</u> at pg. 899.

The language in plaintiffs' Petition, as referenced by the Defendants herein, is both "general" and "open-ended." <u>Id.</u> at pg. 898. This language "does not fairly allow the defendants to form a defense." <u>Kelly v. Leger</u>, 2014 La. App. LEXIS 1883, *1, 2014 0636 (La.App. 1 Cir. 7/31/14) [and a copy of this case is attached hereto as Exhibit 1], citing <u>Snoddy v. City of Marksville</u>, 97-27 (La.App. 3 Cir. 10/8/97), 702 So.2d 890, 899 and <u>Clark v. Diamond B. Construction</u>, 2000-2146 (La.App. 1 Cir. 12/28/01). Furthermore, such language leads the petitioner to "feel entitled to offer proof of 'any and all negligence' as well as 'any and all damages' at the trial in the merits." <u>Snoddy v. City of Marksville</u>, 97-27 (La.App. 3 Cir. 10/8/97), 702 So.2d 890, 899  Indeed, the language in the Plaintiffs' Petition, as excepted to by the Defendant in this matter, is precisely the type of language that the courts have said should be struck.

Accordingly, the Defendants respectfully request that their dilatory exception of vagueness and motion to strike be granted, and this Court order that the general and open-ended

allegations, as well as the general and open-ended request for damages, as cited in the Defendants exception and memorandum in support, be struck; and, moreover, the Plaintiffs be required to amend their Petition to remove such allegations and request for damages and to clarify what acts of negligence and/or fault they are asserting, specify what injuries Sanford Green, Jr., is claiming, and state exactly what damages they allege they are entitled to in this matter.

Respectfully submitted,

The Dill Firm, A.P.L.C.

BY: _____

JAMES M. DILL (Bar Roll #18868)
DAVID P. VIAL II (Bar Roll # 29515)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408
Facsimile: (337) 261-9176
Email: jdill@dillfirm.com
Email: dvial@dillfirm.com
ATTORNEYS FOR THE DEFENDANTS


**PLEASE SERVE:**

**SANFORD GREEN, JR. AND LATASHA GREEN,**
**THROUGH THEIR ATTORNEY OF RECORD,**
**LEONARD J. CLINE**
**3021 35th STREET, SUITE A**
**METAIRIE, LA 70001**


## CERTIFICATE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon counsel for all parties to this proceeding by fax, email, and/or mail at the last known address on this 21st day of February, 2019.

_____
DAVID P. VIAL II

Lexis Advance®
Research

Document: Kelly v. Leger, 2014 La. App. LEXIS 1883   Actions⌄

Go to ⌄   Page   *Page #*   ∧ ∨   *Search Document* ⌕

# Kelly v. Leger, 2014 La. App. LEXIS 1883

### Copy Citation

Court of Appeal of Louisiana, First Circuit

July 31, 2014, Decided

NO. 2014 CW 0636

**Reporter**

2014 La. App. LEXIS 1883 * | 2014 0636 (La.App. 1 Cir. 7/31/14);

ERIC KELLY, SR, INDIVIDUALLY AND O/B/O THE MINOR CHILD, LONDON KELLY, AND KERRI KELLY, VERSUS JEREMY LEGER, HUDSON INSURANCE COMPANY, AND GEICO GENERAL INSURANCE COMPANY

**Notice:** DECISION WITHOUT PUBLISHED OPINION

**Prior History:** **[*1]** In Re: Jeremy Leger, Hudson Insurance Company, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 626, 251.

## Core Terms

district court, vagueness

**Judges:** BEFORE: CRAIN, THERIOT ▾ AND DRAKE ▾, JJ.

## Opinion

EXHIBIT
1

**WRIT GRANTED IN PART AND DENIED IN PART..** We grant the writ filed by the defendants, Hudson Insurance Company and Jeremy Leger, and vacate that portion of the trial court's judgment dated April 1, 2014 which denied the defendant's dilatory exception of vagueness with respect to the allegations of Paragraph 5(F) of the Petition. This specific allegation is open ended and does not fairly allow the defendants to a form a defense. **Snoddy v. City of Marksville, 97-327 ( La. App. 3d Cir. 10/8/97), 702 So. 2d 890;** see **Clark v. Diamond B Construction, 2000-2146 ( La. App. 1st Cir. 12/28/01), 803 So.2d 1113.** The matter is remanded to the district court for further proceedings in accordance with La. Code Civ. P. art 933. The judgment sustaining the exception of vagueness shall afford plaintiff, Eric Kelly, Sr. ▾, individually and on behalf of the minor children, London and Kerri Kelly, the opportunity to remove the grounds of the objection by amendment of the petition within a period of time designated by the district court. In all other respects, we deny the defendants' writ application.

| About LexisNexis® | Privacy Policy | Terms & Conditions | Sign Out | Copyright © 2019 LexisNexis. All rights reserved. |

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No: 791-155                                                     DIVISION: F

SANFORD GREEN, JR., husband of/and LATASHA GREEN

VERSUS

GREAT WEST CASUALTY COMPANY, OPTIMUM TRANSPORT SERVICES, LLC
and CHARLES JERRY WILLIAMS

---

## RULE TO SHOW CAUSE

In consideration of the Dilatory Exception of Vagueness and Motion to Strike by

Defendants, Great West Casualty Company, Optimum Transport Services, LLC, and

Charles Jerry Williams,

IT IS HEREBY ORDERED that plaintiffs show cause on the _____ day of

_____, 20___ at _____ o'clock ____.m. why the court should not

grant Defendants' Dilatory Exception of Vagueness and Motion to Strike.

_____,       Louisiana,       this       _____       day       of

_____, 2019.


_____
DISTRICT JUDGE



PLEASE SERVE:

SANFORD GREEN, JR. AND LATASHA GREEN,
THROUGH THEIR ATTORNEY OF RECORD,
LEONARD J. CLINE
3021 35th STREET, SUITE A
METAIRIE, LA 70001

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No: 791-155

DIVISION: F

SANFORD GREEN, JR., husband of/and LATASHA GREEN

VERSUS

GREAT WEST CASUALTY COMPANY, OPTIMUM TRANSPORT SERVICES, LLC
and CHARLES JERRY WILLIAMS

---

### REQUEST FOR NOTICE OF DATE OF TRIAL, ETC.

**TO THE CLERK OF COURT** of the 19th Judicial District Court in and for the Parish

of East Baton Rouge, Louisiana:

Please take notice that James M. Dill, attorney for GREAT WEST CASUALTY

COMPANY, OPTIMUM TRANSPORT SERVICES, LLC, and CHARLES JERRY

WILLIAMS, hereby requests written notice of the trial date of the above matter, as well as notice

of hearings (whether on the merits or otherwise), orders, judgments and interlocutory decrees,

and any and all formal steps taken by any party herein, the Judge or any member of Court, as

provided in Louisiana Code of Civil Procedure, particularly Articles 1572, 1913 and 1914.

Respectfully submitted,

The Dill Firm, A.P.L.C.

BY: _____

JAMES M. DILL (Bar Roll #18869)
DAVID P. VIAL II (Bar Roll # 29515)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408
Facsimile: (337) 261-9176
Email: jdill@dillfirm.com
Email: dvial@dillfirm.com
ATTORNEYS FOR THE DEFENDANTS

### CERTIFICATE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served

upon counsel for all parties to this proceeding by fax, email, and/or mail at the last known

address on this 21st day of February, 2019.

_____
DAVID P. VIAL II

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No: 791-155                                                DIVISION: F

SANFORD GREEN, JR., husband of/and LATASHA GREEN

VERSUS

GREAT WEST CASUALTY COMPANY, OPTIMUM TRANSPORT SERVICES, LLC
and CHARLES JERRY WILLIAMS

---

## JURY ORDER

Considering the Answer to Petition for Damages filed by GREAT WEST CASUALTY

COMPANY, OPTIMUM TRANSPORT SERVICES, LLC, and CHARLES JERRY

WILLIAMS,

it is hereby **ORDERED, ADJUGED and DECREED** that this matter be tried by a jury

upon the aforementioned Defendants posting bond in the sum of $_____.

_____, Louisiana, this _____ day of _____, 2019.

_____
JUDGE



JON A. GEGENHEIMER
**JEFFERSON PARISH CLERK OF COURT**
*24th Judicial District Court Civil Records Division – FAX Filing*
P.O. BOX 10 ● GRETNA LA 70054-0010 ● (504) 364-2971

# FACSIMILE FILING RECEIPT OF TRANSMISSION

To:
DAVID P VIAL II
FAX # 337-261-9176
Email: DVIAL@DILLFIRM.COM

February 22 _____, 20 19

From: s/ Raquel M Macabitas _____, *Deputy Clerk of Court*
24th JDC FAX Filing ● (504) 364-2971

Re:   Case #: _____791-155_____ Div.: ____F____
Case Title: SANFORD GREEN vs GREAT WEST CASUALTY COMPANY

Total Number of Pages: 16
Document Type: DILIATORY EXCEPTION OF VAGUENESS MOTION TO STRIKE AND
ANSWER O THE PETITION FOR DAMAGES AND PERSONAL INJURIES/

Receipt is hereby acknowledged of the above described document, which was filed at
09:04 ____ [X]A.M. [ ]P.M. on February 22 _____, 20 19.

Per La. R.S. 13:850 as amended by Act 109 of the 2016 Regular Legislative Session, filer **shall deliver** the original pleading within 7 days, exclusive of legal holidays, after the clerk of court has received the transmission, with funds in the amounts listed below. The original pleading and/or other documents submitted must be IDENTICAL to that which was faxed.

***NOTE: Per La. R.S. 13:850, these fees are incurred at the time the clerk receives the fax transmission. They are due and payable regardless of further activity in matter.***

[X] Check or money order payable to "Jefferson Parish Clerk of Court":   $ $450.00
[ ] Check or money order payable to "East Baton Rouge Sheriff":   $_____
[ ] Check or money order payable to "Jefferson Parish Sheriff":   $_____
[ ] Check or money order payable to "Orleans Parish Civil Sheriff":   $_____
[ ] Check or money order payable to "Louisiana Secretary of State":   $_____
[ ] Check or money order payable to _____ : $_____
[ ] Check or money order payable to _____ : $_____
[ ] Send the La. Civil Case Reporting form required per La. R.S. 13:4688.
[ ] Other:

***PLEASE ENCLOSE A COPY OF THIS ACKNOWLEDGMENT
WHEN ORIGINAL PLEADING IS SUBMITTED.***

Received: Feb 22 2019 09:04:18 Pages: 16   JobID:401d4cabfe24369

24th JDC Civil Fax Filed:02/22/2019 09:04:18 Case:791155 Div:F ID:26735