UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANFORD GREEN, JR. and LATASHA GREEN | CIVIL ACTION |
| VERSUS | NO. 19-1755 |
| GREAT WEST CASUALTY COMPANY, ET AL. | SECTION A(3) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by Plaintiffs Sanford Green and Latasha Green (hereinafter collectively referred to as "Plaintiffs"). Great West Casualty Company, Optimum Transport Services, LLC, and Charles Jerry Williams (hereinafter collectively referred to as "Defendants") oppose the motion. The Motion, set for submission on April 17, 2019, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiffs' **Motion to Remand (Rec. Doc. 7)** is **DENIED** for the reasons set forth below.

**I.     Background**

On January 12, 2018, while operating a motor vehicle, Sanford Green was struck by another vehicle operated by Charles Williams. (Rec. Doc. 1-1 Petition, ¶ 4). Plaintiffs filed a suit for damages in the Louisiana Twenty-Fourth Judicial District Court on January 11, 2019. February 26, 2019, Defendants filed a Notice of Removal in this Court alleging jurisdiction pursuant to 28 U.S.C. § 1332, complete diversity of citizenship. (Rec. Doc. 1, ¶ 8). Plaintiffs now request this Court to remand the matter to state court.

**II.    Legal Standard**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.

1993), cert. denied, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and that recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See, e.g., *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

## III.    Discussion

Plaintiffs move to remand the case to the Twenty-Fourth Judicial District Court on the rationale that (1) Defendants' notice of removal was untimely, and (2) Defendants availed themselves of the state court's legal process. (Rec. Doc. 6). Plaintiffs argue that on February 4, 2019, all Defendants were served establishing March 6, 2019, as the deadline for filing a Notice of Removal. (Rec. Doc. 6-1, p. 3). As the Notice of Removal was not filed in state court until March 11, 2019, Plaintiffs state that Defendants were untimely by five days. (*Id.*). Plaintiffs cite to Defendants' *Dilatory Exception of Vagueness, Motion to Strike and Answer to the Petition for Damages and Person Injuries* filed in response to the state court proceeding to also assert that Defendants intended to remain in state court. (*Id.*). Defendants counter that the Petition for Removal filed in this Court on February 26, 2019 rendered removal timely. (Rec. Doc. 7, p. 2). Defendants also respond asserting that Defendants were required to file the pleadings in state court so as not to constitute waiver. (*Id.*).

The Court finds that removal was timely. A defendant intending to remove a civil action from state court shall file in the district court of the United States a notice of removal. 28 U.S.C. § 1446. This notice of removal shall be filed within thirty (30) days after the defendant receives a copy of the initial state court pleading. *Id.* Here, the parties do not dispute that the deadline for

filing the notice of removal was March 6, 2019. On February 26, 2019, Defendants filed the Notice of Removal (Rec. Doc. 1). As the notice of removal was filed in this Court prior to March 6, 2019, removal was timely.

The Court also finds that Defendants did not waive their right to removal. The Fifth Circuit has held that a defendant may waive its right to removal "by proceeding to defend the action in state court or otherwise invoking the processes of that court." *Brown v. Demco, Inc.,* 792 F.2d 478,481 (5th Cir. 1986). However, a waiver of the right to remove must also be clear and unequivocal. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003). A party has not waived its right to removal even though it has participated in state proceedings, so long as the party has not sought an adjudication on the merits. *Id.* Consistent with this holding, the Eastern District repeatedly has held that an answer is not sufficient to constitute as waiver. *See Biggers v. State Farm Mut. Auto. Ins. Co.*, No. 92-2004, 1992 WL 266166, at *2 (E.D. La. 1992); *Demourelle v. Bond*, No. 99-0558, 1999 WL 203269, at *1 (E.D. La. 1999); *Gallo v. Elmotores, Inc.*, No. 98-1986, 1998 WL 661485, at *1 (E.D. La. 1998). Therefore, the Court holds that Defendants' answer in the state court proceeding does not constitute as an intentional waiver of removal.

## IV. Conclusion

Accordingly;

IT IS ORDERED that the **Motion to Remand (Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana, this 22nd day of April, 2019

                                              JUDGE JAY C. ZAINEY
                                              UNITED STATES DISTRICT JUDGE